Jasen, Fuchsberg and Cooke, JJ.
(dissenting). There was substantial compliance here with the requirements of subdivision 3 of section 135 of the Election Law. Accordingly, we would reverse on the dissenting opinion of Mr. Justice James D. Hopkins at the Appellate Division, noting that this case is one involving a Suffolk County election and that, in that county, as in all but 6 of the 62 counties in the State, the setting forth of a subscribing witness’ election district fully serves the function which the furnishing of such a witness’ assembly district may otherwise fulfill in protecting against fraud or irregularity. Significantly, petitions in Suffolk may indicate signers’ election rather than assembly districts (§ 135, subd 1). Thus the election district was not only the regular index for the checking of all signatures of witnesses or subscribers on the petitions here, but the more convenient one as well. Interestingly, when subdivision 3 of section 135 was amended in 1971, the qualifying word "material” was added to the statute for the first time, the word "substantially” was continued and the words "where required” inserted to follow *995 "Assembly District”. These nonabsolutes can have had no purpose other than to evince an intention not to disenfranchise voters for the kind of nonprejudicial technicality on which the petitions here were invalidated. Any other interpretation would elevate form over substance in a matter as vital to us as the election process.
Chief Judge Breitel and Judges Gabrielli, Jones and Wachtler concur; Judges Jasen, Fuchsberg and Cooke dissent and vote to reverse in a memorandum.
Order affirmed, without costs, in a memorandum.